Hillyard v. Tate 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-020-CV





TRESSIE HILLYARD,



 APPELLANT


vs.





MARY ANN TATE,



 APPELLEE



 



FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT



NO. 9804, HONORABLE D. V. HAMMOND, JUDGE PRESIDING


 




 Mary Ann Tate, appellee, sued Tressie Hillyard, appellant, for damages arising out
of an automobile collision. When Hillyard failed to answer, Tate obtained a default judgment. 
Hillyard appeals by writ of error, asserting in three points of error that: (1) because of defective
service of process, the trial court never acquired personal jurisdiction over her; (2) the evidence
presented at trial was legally and factually insufficient to support the default judgment; and (3)
Tate's claim against her is barred by the statute of limitations. Tate has not filed a brief in
response. We will reverse the judgment of the trial court and remand the cause for further
proceedings.



BACKGROUND


 On September 13, 1990, Hillyard and Tate were involved in an automobile collision
in Kingsland, Texas. Tate filed a negligence suit against Hillyard on Monday, September 14,
1992. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986). A citation was issued the same
day. Instead of providing a specific street address, the citation merely indicated that Hillyard
could be found at "Royal Oaks Estates or P. O. BOX 514" in Kingsland. This citation was
returned unserved some time around November 4, 1992. (1) The process server indicated on the
return that Hillyard did not live in Kingsland, but rather in Parker County, Texas.

 A second citation was issued on January 22, 1993. Despite the notation on the first
return of service that Hillyard lived in Parker County rather than Kingsland, the second citation
listed the same Kingsland address. This citation remained unserved for two months. There is no
indication in the record that during this period Tate ever attempted to locate Hillyard in Parker
County or serve her by mail, as she was allowed to do under Texas Rule of Civil Procedure
106(a)(2).

 On March 22, 1993, Tate filed a motion for substitute service under Texas Rule
of Civil Procedure 106. This motion was accompanied by an affidavit from Tate's process server,
Henry Nolan. The affidavit stated that Nolan had made "more than a dozen" attempts to serve
Hillyard in Kingsland, and that Nolan believed Hillyard was deliberately avoiding service. Nolan
explained:



I base this opinion on the fact that Ms. Hillyard's neighbors are aware of who I am
and why I have been traveling to her residence. In addition, I have been to Ms.
Hillyard's residence on at least one occasion when I could observe that the lights
and appliances within the house were turned on and there was an automobile in the
driveway yet no one answered the door.



The trial court granted Tate's motion and ordered Hillyard to be served by leaving the citation and
accompanying documents "on the doorstep of [her] residence." The second citation, a copy of
Tate's petition, and a copy of the court's substitute-service order were left at Hillyard's Kingsland
property on March 29. (2) On June 29, 1993, after Hillyard failed to respond to the citation, Tate
obtained a default judgment in the amount of $25,000.



DISCUSSION


 In her first point of error, Hillyard challenges the validity of the substitute service
of process. When reviewing a default judgment, we make no presumptions in favor of valid
issuance, service, and return of citation. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990).
Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure
renders the attempted service of process invalid and of no effect. Id. It is with these principles
in mind that we review the record before us.

 Hillyard alleges a variety of defects in the service of process. We need not assess
all of these claims, because we find that at least two defects are sufficient to warrant reversal of
the default judgment. First, the affidavit supporting Tate's motion for substitute service is
insufficient. Rule 106 requires that the affidavit must state "the location of the defendant's usual
place of business or usual place of abode or other place where the defendant can probably be
found." Tex. R. Civ. P. 106(b). Nolan's affidavit does not provide this information.

 With regard to the Kingsland property, Nolan's affidavit states only that "on at least
one occasion" it appeared that someone was inside the house. This fact, standing alone, is
insufficient to establish that the house in Kingsland was Hillyard's place of abode. The evidence
seems especially meager in light of the fact that Nolan himself, in the return of the first citation,
indicated that Hillyard did not live in Kingsland. The affidavit contains no other indication that
the Kingsland property is Hillyard's place of business or a place where she can probably be found. 
Consequently, the affidavit fails to meet the requirements of Rule 106(b). Substitute service may
not properly issue on a motion supported by an insufficient affidavit. Wilson, 800 S.W.2d at 836.

 A second defect in the service of process is related to the first. Even where an
order for substitute service may properly be issued, it must authorize service "in [a] manner that
. . . will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P.
106(b)(2). The manner of service in the present case does not conform to this rule. A person can
reasonably be expected to appear at her residence on a regular basis and take notice of papers left
there for her attention. The same might be said of other property where some particular reason
exists to believe that the defendant will appear there in the near future and take note of a citation. 
In the absence of such evidence, however, we believe that simply leaving a citation at a piece of
property owned by the defendant is, as a matter of law, not a "reasonably effective" manner of
serving process. Rule 106 and the requirements of due process do not permit reliance on the mere
hope that a defendant will monitor her property frequently for legal communications left there. 
Tate's attempt at service of process was insufficient. We sustain Hillyard's first point of error.

 Hillyard's second point of error, challenging the legal and factual sufficiency of the
evidence to support the judgment, advances an alternate ground for reversal. Since we have
already sustained point of error one, we do not reach this point.

 In her third point of error, Hillyard urges us to reverse and render judgment in her
favor because Tate's cause of action is barred by the statute of limitations. The record indicates
that this issue was never addressed in the trial court. Regardless of the evidence of lack of
diligence, therefore, we believe it would be contrary to the interests of justice to render judgment
against Tate before she has had an opportunity to be heard on the issue. Accordingly, since the
most that could come from this point of error would be a remand, and since we have already
sustained point of error one, we do not address the limitations issue.

 The judgment of the trial court is reversed and the cause remanded to that court for
further proceedings.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll Not Participating

Reversed and Remanded

Filed: October 19, 1994

Do Not Publish

1.   The return of service is stamped "filed" as of November 4, 1992. However, because
the return is not dated or verified, it is unclear precisely when the citation was returned
unserved.
2.   The return of service is on a form indicating, in preprinted language, that Hillyard
was served personally. However, Tate's counsel stated at trial that Hillyard was served in
the manner prescribed by the court's substitute-service order.